**BRYANT RADIO SUPPLY, INC., Robert L. Bryant, Richard A. Westbrook, Big Wally's, Inc., Appellants,**

v.

**Colonel D. M. SLANE, in his official capacity as Superintendent of the Department of Virginia State Police, Appellee.**

No. 81–1213.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 5, 1981.

Decided Jan. 28, 1982.

Edward W. Hummers, Jr., Washington, D. C. (Leonard R. Raish, Robert L. Pettit, Patricia A. Mahoney, Fletcher, Heald & Hildreth, Washington, D. C., David B. Hart, Smeltzer, Hart & Palmer, Roanoke, Va., William C. Plott, Foresman & Plott, Lexington, Va., Nathaniel Beaman, IV, David H. Adams, Taylor, Walker & Adams, Norfolk, Va., on brief), for appellants.

Karen A. Gould, Asst. Atty. Gen., Richmond, Va. (Marshall Coleman, Atty. Gen. of Virginia, Walter H. Ryland, Chief Deputy Atty. Gen., Richmond, Va., Timothy W. McAfee, Third-Year Law Student, on brief), for appellee.

Before WIDENER, MURNAGHAN and CHAPMAN, Circuit Judges.

PER CURIAM:

Bryant Radio Supply, Inc. and its owner Robert L. Bryant, and Big Wally's, Inc. and its employee Richard A. Westbrook, as intervening plaintiffs, brought this suit in the district court for the Western District of Virginia challenging the constitutionality of § 46.1—198.1 of the Virginia Code,[1] which prohibits the use and sale of radar detectors within the Commonwealth. They claim that the statute creates an unconstitutional burden on interstate commerce by denying them the right to sell and use radar detection devices and that more reliable and less burdensome methods of speed control are available that would not rely on the use of radar. They further claim that the statute contravenes the Supremacy Clause, U.S. Const.Art. VI, cl. 2, by regulating the reception of radio communication, an area they claim was preempted by the scheme of communication regulation enacted by Congress and administered by the Federal Communications Commission. Finally, they claim that the Virginia statute is void for vagueness in violation of the Fourteenth Amendment to the U. S. Constitution. They sub-

---

1. Va.Code § 46.1—198.1 provides, in relevant part:

   A. It shall be unlawful for any person to operate a motor vehicle upon the highways of this State when such vehicle is equipped with any device or mechanism to detect the emission of radio microwaves in the electromagnetic spectrum, which microwaves are employed by police to measure the speed of motor vehicles upon the highways of this State for law-enforcement purposes; it shall be unlawful to use any such device or mechanism upon any such motor vehicle upon the highways; it shall be unlawful to sell any such device or mechanism in this State. Provided, however, that the provisions of this section shall not apply to any receiver of radio waves utilized for lawful purposes to receive any signal from a frequency lawfully licensed by any State or federal agency....

   B. No person shall be guilty of a violation of this section when the device or mechanism in question, at the time of the alleged offense, had no power source and was not readily accessible for use by the driver or any passenger in the vehicle....

mitted no affidavits to the district court in support of their various positions.

The defendant moved for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure or, alternately, summary judgment under Rule 56. The district court granted the motion for summary judgment.

We affirm for the reasons stated in the opinion of the district court. *Bryant Radio Supply, Inc. v. Slane*, 507 F.Supp. 1325 (1981).

AFFIRMED.