**ELECTROLERT CORPORATION, et al., Appellants**

v.

**Marion S. BARRY, Jr., Mayor of the District of Columbia, et al.**

No. 83–1986.

United States Court of Appeals, District of Columbia.

Argued April 11, 1984.

Decided June 19, 1984.

---

Elliot M. Mincberg, Washington, D.C., with whom Francis L. Casey, Jr., Edward W. Hummers, Jr., and Leonard R. Raish, Washington, D.C., were on the brief, for appellants.

Karen J. Krueger, Asst. Corp. Counsel, with whom Charles L. Reischel, Deputy Corp. Counsel, and Joyce M. Notarius, Asst. Corp. Counsel, Washington, D.C., were on the brief, for appellees.

Before WRIGHT, SCALIA and FRIED-MAN,* Circuit Judges.

Opinion for the court filed by Circuit Judge J. SKELLY WRIGHT.

\* Of the Federal Circuit, sitting by designation pursuant to 28 U.S.C. § 291(a) (1982).

1. The exact text of the Order is:
   No person shall sell or offer for sale in the District any device designed to detect or counteract police radar.
   No person shall use or have in his possession in an automobile in the District any device used to detect or counteract police radar. This section does not apply to any vehicle or equipment used by the Armed Forces of the United States.

2. Appellants also alleged that the Order was preempted by the Communications Act, 47

**J. SKELLY WRIGHT, Circuit Judge:**

Appellants filed an action in United States District Court on September 20, 1982 challenging the constitutionality of a District of Columbia ordinance banning the sale, use, or "possession in a motor vehicle" of "any device designed to detect or counteract police radar." D.C. Commissioner's Order 61–2606, *reprinted in* D.C. Pol.Reg., Art. 25, § 16, 18 D.C.M.R. § 736 (1981).[1] After some preliminary skirmishing, the District Court granted summary judgment to appellees. We here affirm the District Court's order.

## I. BACKGROUND

Appellants include a manufacturer and a retailer of radar-detecting devices for use in motor vehicles, as well as George Sadler, a Maryland resident who frequently travels interstate by automobile. In one such journey through the District, his radar detector was confiscated and he was fined $50 for violating the Commissioner's Order banning radar detectors (hereinafter referred to simply as "the Order"). Appellants brought this action against the District of Columbia, the Mayor, and the Chief of Police. They sought issuance of a declaratory judgment that the Order was unconstitutional on two grounds.

First, appellants alleged that, because no other states banned mere possession of radar detectors, the Order was an impermissible burden on interstate commerce. Second, they alleged that the Order was overbroad and vague in violation of the Due Process Clause.[2] In addition to the declar-

U.S.C. § 151 *et seq.,* and subsequent regulations issued by the Federal Communications Commission, and thus violated the Supremacy Clause. The District Court noted that this same argument had previously been presented in *Bryant Radio Supply, Inc. v. Slane,* 507 F.Supp. 1325, 1328–1329 (W.D.Va.1981), *aff'd per curiam,* 669 F.2d 921 (4th Cir.1982), *Smith v. District of Columbia,* 436 A.2d 53, 55–58 (D.C.App.1981), and *Crenshaw v. Commonwealth,* 219 Va. 38, 245 S.E.2d 243, 245–246 (1978). All three of these courts had rejected the argument. We agree with the District Court that appellants' Supremacy Clause claim must be rejected, substantially for the reasons given in those opinions.

atory judgment, appellants sought an injunction against any attempt by appellees to enforce the Order and a court order directing appellees to return Mr. Sadler's $50 and his radar detector. After discovery was completed, the District Court granted appellees' motion for summary judgment on the ground that appellants had failed to state a claim on which relief could be granted.

## II. COMMERCE CLAUSE

Appellants wisely do not argue that a statute banning the *use* of radar detectors would violate the Commerce Clause. Rather, they focus their attack on the fact that, although two states seem to prohibit the use of radar detectors, the District is apparently the only jurisdiction in the country that bans the mere *possession* of radar detectors. Appellants argue that owners of radar detectors are thus at risk whenever they travel through the District—even if their detectors are disconnected or even if they are stored in a vehicle's back seat or in the trunk. This, according to appellants, is an impermissible burden on interstate commerce. It is therefore allegedly subject to the standard dormant Commerce Clause balancing test, in which the "weight and nature of the state regulatory concern" is viewed "in light of the extent of the burden imposed on the course of interstate commerce." *Raymond Motor Transportation, Inc. v. Rice*, 434 U.S. 429, 441, 98 S.Ct. 787, 794, 54 L.Ed.2d 664 (1978).

Appellants object to the grant of summary judgment because they claim to be able to introduce evidence demonstrating the ineffectiveness of banning radar detectors in promoting enforcement of highway speed limits. They also claim to be able to prove that the Order puts a very heavy burden on interstate commerce. Therefore, appellants argue, at the very least application of each leg of the balancing test raises factual issues that can only be resolved at trial on the merits. It would follow that summary judgment in this case is inappropriate.

Because we believe that appellants misconceive the scope of our review in dormant Commerce Clause cases of this type, we have no difficulty in affirming the District Court's disposition of this case. The Supreme Court itself has admitted that it has "employed various tests to express the distinction between permissible and impermissible impact upon interstate commerce" and that "experience teaches that no single conceptual approach identifies all of the factors that may bear on a particular case." *Raymond Motor Transportation, Inc. v. Rice, supra*, 434 U.S. at 440–441, 98 S.Ct. at 793–794 (footnotes omitted). However, two principles emerge with unmistakable clarity from the cases.

First, state laws are most apt to run afoul of the dormant Commerce Clause when they are based on protectionist rationales, *see, e.g., Philadelphia v. New Jersey*, 437 U.S. 617, 624, 98 S.Ct. 2531, 2535, 57 L.Ed.2d 475 (1978) ("where simple economic protectionism is effected by state legislation, a virtually *per se* rule of invalidity has been erected"); *Pike v. Bruce Church, Inc.*, 397 U.S. 137, 145, 90 S.Ct. 844, 849, 25 L.Ed.2d 174 (1970) ("the Court has viewed with particular suspicion state statutes requiring business operations to be performed in the home State that could more efficiently be performed elsewhere"), or when they disproportionately burden economic activities conducted in sister states, *see, e.g., Kassel v. Consolidated Freightways Corp.*, 450 U.S. 662, 675–676, 101 S.Ct. 1309, 1318–1319, 67 L.Ed.2d 580 (1981) (opinion of Powell, J.) ("Less deference to the legislative judgment is due * * where the local regulation bears disproportionately on out-of-state residents and businesses."); *Southern Pacific Co. v. Arizona*, 325 U.S. 761, 767–768 n. 2, 65 S.Ct. 1515, 1519 n. 2 (1945) ("the Court has often recognized that to the extent that the burden of state regulation falls on interests outside the state, it is unlikely to be alleviated by the operation of those political restraints normally exerted when interests within the state are affected"). Of course, state regulations with protectionist features have not uniformly been held invalid. Nonetheless, regulations that benefit local

interests at the expense of out-of-state interests are a particular concern of the analysis under the dormant Commerce Clause.

■ A second point that emerges from the cases is that state safety regulations are accorded particular deference in Commerce Clause analysis. *See, e.g., South Carolina State Highway Dep't v. Barnwell Bros., Inc.*, 303 U.S. 177, 189, 58 S.Ct. 510, 515, 82 L.Ed. 734 (1938) (noting that highway safety regulations that burden or impede commerce are nonetheless constitutionally valid); *Raymond Motor Transportation, Inc. v. Rice, supra*, 434 U.S. at 443, 98 S.Ct. at 795 ("[i]n no field has * * * deference to state regulation been greater than that of highway safety"). Most notably, five Justices have recently agreed that statutes based on nonillusory safety benefits are not subject to the dormant Commerce Clause balancing test. *See Kassel v. Consolidated Freightways Corp., supra*, 450 U.S. at 681 n. 1, 101 S.Ct. at 1321 n. 1 (Brennan, J., joined by Marshall, J., concurring in the judgment) ("in the field of safety * * * the role of the courts is not to balance asserted burdens against intended benefits," but rather "once the court has established that the intended safety benefit is not illusory, insubstantial, or nonexistent, it must defer to the State's lawmakers on the appropriate balance to be struck against other interests"); *id.* at 692 n. 4, 101 S.Ct. at 1327 n. 4 (Rehnquist, J., joined by Burger C.J., and Stewart, J., dissenting) ("courts in Commerce Clause cases do not sit to weigh safety benefits against burdens on commerce when the safety benefits are not illusory"); *see also id.* at 670, 101 S.Ct. at 1316 (opinion of Powell, J.) (noting "strong presumption of validity" that attaches to safety regulations).

■ Appellants do not argue—nor could they—that the Order challenged here is overtly protectionist or even has an effect that favors in-state commerce. All sale of these devices within the District is banned. Moreover, the Order was clearly designed to promote highway safety by encouraging obedience to speed limits; the assumption is that a driver unaware of whether a police radar unit is near at hand will be more likely to obey the speed limit than one who can rest assured that no radar unit is near enough to detect his transgressions. Thus the Order comes before us in the strongest possible posture. In these circumstances we need not perform any fine balancing tests or inquire closely into the validity of the local government's reasonable factual assumption. Having satisfied ourselves that the local government's safety rationale is not "illusory" or "nonexistent," our inquiry is at an end.

The parties in this case expended considerable effort in the District Court arguing about the construction of the Order. Appellants argued that its ban on mere possession of radar detectors would extend to the innocent possession of radar detectors in, for instance, an unopened box in the trunk of a car or to a truck carrying a shipment of new radar detectors through the District to a retailer in another state. We need not decide whether, if the Order indeed extended so far, it would violate the strictures of the Commerce Clause, for the District of Columbia has never threatened to enforce the statute against them if they engaged in such conduct. *See Steffel v. Thompson*, 415 U.S. 452, 458–460, 94 S.Ct. 1209, 1215–1216, 39 L.Ed.2d 505 (1974); *Andrade v. Lauer*, 729 F.2d 1475, 1481–1482 (D.C.Cir.1984). And we have no problem in finding that, under the local courts' construction of the statute in which it forbids the possession of a radar detector either mounted on a vehicle or unused on the floor of the vehicle, *see Smith v. District of Columbia*, 436 A.2d 53, 55, 60 (D.C.App.1981), the statute is nonprotectionist in nature and is based on nonillusory safety benefits. We therefore need not suggest precisely how the Order should be applied in all conceivable cases; we leave elaboration of the Order's application to the local courts as new cases arise.

### III. DUE PROCESS

Appellants asked the District Court to declare the Order unconstitutional under the Due Process Clause as well as the

■■■■■■■■

Commerce Clause. Their due process claim is grounded on their allegation that the Order suffers from overbreadth and vagueness.

■ Appellants' overbreadth challenge must fail because there is simply no doctrine that requires that, when the legislature enacts a statute that does not reach substantial constitutionally protected conduct, it must tailor the statute narrowly to accomplish the goals it intends to reach. *See, e.g., Williamson v. Lee Optical Co.,* 348 U.S. 483, 75 S.Ct. 461, 99 L.Ed. 563 (1955). The Order in question here does not reach substantial constitutionally protected conduct; as we stated above, the Commerce Clause does not protect appellants against enforcement of a radar-banning statute that is nonprotectionist in nature and is based on non-illusory safety objectives. Therefore, we need not examine the statute's alleged "overbreadth."

■ Appellants' vagueness challenge must fail as well. Appellants' only possible challenge would be that the Order is impermissibly vague as applied to their own conduct, *see, e.g., Kolender v. Lawson,* 461 U.S. 352, — n. 8, 103 S.Ct. 1855, 1859 n. 8, 75 L.Ed.2d 903 (1983); of course such a challenge itself would only be adjudicable

if there were a credible threat that the statute would be enforced against that conduct, *cf. id.,* 461 U.S. at — n. 3, 103 S.Ct. at 1857 n. 3. Although appellant Sadler alleges that he intends to continue to drive through the District of Columbia with his radar detector in his car, the Order is not at all vague—either as written or as interpreted by the local courts—in its application to this conduct. And appellants have failed to demonstrate any credible threat of enforcement of the statute in some of their wilder hypotheticals concerning, for example, a truck carrying a shipment of radar detectors through the District. Appellants' facial vagueness challenge must therefore fail.

IV. CONCLUSION

For the reasons given above, we affirm the District Court's judgment in this case.

*Affirmed.*